**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HELGA GLOCK,              )<br>                                         )<br>        Plaintiff,            )<br>                                         )<br>v.                                      )<br>                                         )<br>GASTON GLOCK SR., et al,  )<br>                                         )<br>        Defendants.        ) | Civil Action No.<br>1:14-cv-03249-TWT |

**ORDER**

Now before the Court for consideration are Plaintiff Helga Glock's Motion for Expedited Access to *IN RE HMG* Production [51] and Plaintiff's Motion for Leave to Take Preservation Depositions [88] (the "Motions"). The parties appeared before the Court for oral argument on the motions on March 18, 2015. After reviewing the briefs and considering the arguments of the parties, the Court ruled on Plaintiff's Motions at the hearing. The Court enters the following Order.

**Background**

Plaintiff Helga Glock filed her Complaint on October 9, 2014, asserting claims under Federal and Georgia RICO against twenty defendants. As of the date of the hearing on Plaintiff's Motions, eight of the defendants had been served;

seven had entered an appearance in the action (the "Served Defendants").[1]  The remaining Defendants, including Gaston Glock Sr. and Glock Ges.m.b.H., had not yet been served and are not before the Court (the "Unserved Defendants").

On January 27, 2015, the Court held a hearing on Plaintiff's Motion to Stay [31] and Defendants' Motion to Stay based on International Abstention [45] (the "Stay Motions").  Those motions remain pending.

Pursuant to various agreements and stipulations by the parties, as entered by the Court, the time for the Served Defendants[2] to Answer or file a Motion to Dismiss will not be due until after the Court rules on the Stay Motions.  The parties also agreed to defer holding the Rule 26(f) conference, filing the joint preliminary planning report, and serving initial disclosures until 30 days after the Served Defendants answer the Complaint [49, 54, 60, 77].  Accordingly, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, discovery has not yet commenced.

### A. Motion for Leave to Take Preservation Depositions

---

[1]  Defendant Charles M.J. Ewert was served with the Complaint on or about January 21, 2015 [74].  He has not filed an answer and has not made an appearance in this action.

[2]  Defendant Peter Manown moved to dismiss on November 6, 2014. Plaintiff's time to respond to that motion has been deferred [60] pending the Court's ruling on the Stay Motions.

Plaintiff's Motion for Leave to Take Preservation Depositions seeks leave to take depositions for preservation of trial testimony of Helga Glock and Gaston Glock Sr.  Plaintiff contends that both she and Mr. Glock Sr. are of advanced age and subject to ill health, that their testimony is material to the case, and that it may be lost if it is not preserved.  Specifically, Plaintiff argues that either she or Mr. Glock Sr. could become an unavailable witness due to "infirmity, physical illness, or mental illness" (under Fed. R. Civ. P. 32(a)(4)(C)) or death (under Fed. R. Civ. P. 32(a)(4)(A)).  Plaintiff relies on, among other things, *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982), in support of her argument that the depositions would be taken for preservation of trial testimony, rather than for discovery.  At the hearing, counsel for Plaintiff further argued that, under Fed. R. Civ. P. 27, courts routinely require testimony to be taken when it might be lost due to the age of a witness, even when no underlying civil action has been filed.[3]

Plaintiff acknowledges that Mr. Glock Sr. has not yet been served but argues that the Court has the ability to order him to be deposed on the grounds that he is a managing agent of Defendants Glock, Inc. and/or Consultinvest, Inc.  In the alternative, Plaintiff argues that, even if Mr. Glock Sr. is not presently a managing agent of these Defendants, he was at the time of the events alleged in the

---

[3] Plaintiff cited *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) (ordering preservation of deposition testimony of 71-year-old man based on witness's age).

1316164.1

Complaint and his interests remain aligned with those companies'.[4] Plaintiff contends that Mr. Glock Sr. is the CEO of Glock Ges.m.b.H., the parent company of Glock, Inc., and is the face of Glock, Inc., as reflected by the 2015 Annual Glock Magazine.[5] Plaintiff has requested that Mr. Glock Sr. sit for forty hours of deposition testimony and that she will depose him in Austria. Plaintiff has offered to make herself available for a trial preservation deposition in the United States.

Defendants Glock, Inc., Consultinvest, Inc., Glock (H.K.) Limited, Fitox AG, and Karl Walter oppose Plaintiff's motion and argue that they should not be required to participate in discovery until Plaintiff's Complaint has survived a motion to dismiss. These Defendants also argue that testimony of Plaintiff and Mr. Glock Sr. is being taken in various Austrian proceedings. These Defendants further contend that Mr. Glock Sr. is not a managing agent of Glock, Inc. or Consultinvest, Inc. and those two defendants have submitted testimony to the effect that neither Glock, Inc. nor Consultinvest, Inc. has the ability to compel Mr. Glock Sr. to be deposed.

The Court finds that although Plaintiff's motion purports to seek a deposition to preserve Glock Sr.'s testimony for trial, what Plaintiff really seeks is

---

[4]     *Calixto v. Watson Bowman Acme Corp.*, 2008 U.S. Dist. LEXIS 1123372 (S.D. Fla. 2008).

[5]     [98-1].

discovery that would be premature at this point in time.  The Eleventh Circuit has made clear that in a case such as this one, asserting claims under Federal and Georgia RICO, the defendants should not be required to participate in discovery until the plaintiff's complaint has survived a motion to dismiss.  *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991), *abrogated on other grounds by Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008).  While the Court acknowledges that there may be certain circumstances under which a deposition for preservation of testimony is appropriate—Plaintiff has not presented sufficient facts to justify taking preservation depositions at this stage.  In this regard, the Court notes that evidence is being taken in the Austrian courts that may be available for the parties to use in this Court if appropriate.

Furthermore, the Court is not willing to order Mr. Glock Sr. to be deposed for forty hours, before he has been served with the Complaint.  The Court notes that other Unserved Defendants, such as Glock Ges.m.b.H., may be interested in participating in the deposition of Mr. Glock Sr. but may have interests that are very different from Mr. Glock Sr.

With regard to the deposition of Helga Glock, the Court will not require Defendants to depose Helga Glock and to conduct a cross-examination of her for trial before they have had the benefit of discovery.

Finally, the Court holds that it cannot, order Glock, Inc. or Consultinvest, Inc. to make Mr. Glock Sr. available as a managing agent. The Court finds that it is clear that Mr. Glock is not a managing agent of Glock, Inc. or Consultinvest, Inc., and has not been a managing agent of either company for many years. Accordingly, Plaintiff's Motion for Leave to Take Preservation Depositions [88] is hereby **DENIED**.

### B.    Motion for Expedited Access to *IN RE HMG* Production

Plaintiff's motion for expedited access requests that the Court "deem produced" in this action, over 500,000 pages of documents that Ms. Glock received pursuant to a separate request she made under 28 U.S.C. § 1782. Defendants Glock, Inc., Consultinvest, Inc., Glock (H.K.) Limited, and Karl Walter object to Plaintiff's request.

As described above, discovery should not begin in a RICO action before the Plaintiff's Complaint has survived a motion to dismiss. Accordingly, the Court hereby **DENIES without prejudice**, Plaintiff's Motion for Expedited Access to *IN RE HMG* Production. If, however, Plaintiff's Complaint survives a motion to dismiss and discovery begins, then nothing in this Order shall prevent Plaintiff from seeking these documents in the regular course of discovery.

It is SO ORDERED this   6th day of April, 2015,

1316164.1

  /S/Thomas W. Thrash
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

Prepared by:

*/s/ Ronan P. Doherty*
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Ronan P. Doherty
Georgia Bar No. 224885
doherty@bmelaw.com
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Tower
1201 W. Peachtree Street, N.W.
Atlanta, Georgia  30309
Tel. (404) 881-4100
Fax (404) 881-4111


*Counsel for Defendants Glock, Inc.,*
*Consultinvest, Inc., Karl Walter,*
*Glock (H.K.) Limited and Fitox AG*

1316164.1