1                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
2                           ATLANTA DIVISION

3
       HELGA GLOCK,                     )
4                                       )
                    Plaintiff,          )
5                                       )
       -vs-                             )  Case No. 1:14-CV-3249-TWT
6                                       )
       GASTON GLOCK, SR., et al.,       )  August 25, 2015
7                                       )  Atlanta, Georgia
                    Defendants.         )  3:00 p.m.
8      _____  )

9

10

                    TRANSCRIPT OF THE SCHEDULING CONFERENCE
11             BEFORE THE HONORABLE THOMAS W. THRASH, JR.,
                      U.S. DISTRICT COURT JUDGE
12

13

       APPEARANCES OF COUNSEL:
14
       On behalf of the Plaintiff:    John Da Grosa Smith
15                                     SMITH HORVATH, LLC

16     On behalf of the Defendants:   Tiana S. Mykkeltvedt
                                       Ronan P. Doherty
17                                     BONDURANT MIXSON & ELMORE, LLP

18                                     Christopher Parker
                                       MILLER & MARTIN, PLLC
19

20

21            *Proceedings recorded by mechanical stenography*
               *and computer-aided transcript produced by*
22
                      SUSAN C. BAKER, RMR, CRR
23                     2194 U.S. COURTHOUSE
                     75 SPRING STREET, S.W.
24                     ATLANTA, GA  30303
                       (404) 215-1558
25

1             (Proceedings held in Atlanta, Georgia, August 25,

2     2015, 3:00 p.m., in chambers.)

3             THE COURT:  All right.  This is the case of Helga

4     Glock versus Gaston Glock, Sr., Case Number 14-CV-3249.

5             First let me ask counsel for the parties to identify

6     yourselves for the record and the parties you represent

7     beginning with the Plaintiff.

8             MR. SMITH:  Good afternoon.  This is John Da Grosa

9     Smith on behalf of Plaintiff Helga Glock.

10            THE COURT:  Afternoon, Mr. Smith.

11            MR. SMITH:  Good afternoon, Your Honor.

12            MR. PARKER:  Good afternoon, Your Honor.  Christopher

13    Parker.  I am here on behalf of Hubert William.

14            MR. DOHERTY:  And, Your Honor, Ronan Doherty on

15    behalf of many of the Defendants -- I am not sure that all of

16    them have been served yet -- but Gaston Glock, Sr.; Glock

17    Ges.M.B.H.; Glock, Inc.; Glock --

18            THE COURT:  That's enough.

19            MR. DOHERTY:  Many of the Defendants, yes.

20            MS. MYKKELTVEDT:  Tiana Mykkeltvedt for the same

21    Defendants as Mr. Doherty.

22            THE COURT:  Good afternoon, counsel.

23            All right.  This is a scheduling conference being

24    held at my request.  I know that y'all have had some e-mailing

25    with Ms. Sewell about what we do now, the Plaintiff having

1    filed an amended complaint as directed or as I permitted when I

2    granted the motion to stay based on international abstention.

3    And I understand there's differences of opinion as to what

4    should be happening next; and I just thought the easiest way to

5    resolve it would be to get y'all in here, talk to you.

6           Obviously, there are a number of alternatives.  One

7    would be we just have more motion practice, another motion to

8    stay, the regular briefing schedule, I issue an order when it

9    gets in line and then I issue an order when I am able to do so.

10   That's one alternative.

11          Another would be you simply file a motion adopting

12   the positions you took in your previous briefing with whatever

13   changes you think should be made or called to my attention.

14   The Defendant would go first and have 10 days -- 14 days.  The

15   Plaintiff would go second, have 14 days.  The Defendant could

16   file a reply seven days later.  That would hopefully speed

17   things up at least a little bit rather than following the usual

18   briefing schedule.  I'm not sure you need to go back and

19   recreate what you have already done.

20          So what do you say, Mr. Smith?

21          MR. SMITH:  I think whatever would be the most

22   efficient way to address the issues.  I mean, if the Defendants

23   still believe that our motion or our amended complaint supports

24   a motion for abstention, then I suspect that they'd be able to

25   file that motion and the Court would address it.  I mean, when

1    Mr. Doherty and I talked there was a recognition that the Court

2    has already addressed some of the issues that we tried to

3    address them in our complaint.  We were trying to avoid a whole

4    round of new briefing that would delay the matters.

5          And I think the second piece that we have for the

6    Court is in light of the Eleventh Circuit's ruling we are in

7    the process of reviewing the half million pages or so of

8    documents.  And to the extent that anything comes out of that,

9    there could be an amendment to the complaint.  And the

10   discussion that Mr. Doherty and I had was our position wasn't

11   that the case -- that if there's any issues with the current

12   pleading based on abstention left it was our request that we

13   address those now and that Mr. Doherty address them now and

14   then we can -- and then to the extent that we then later amend

15   the complaint based on the materials we receive then it is what

16   it is.

17         The materials that we received are materials from

18   Glock, Inc. in Smyrna.  So we don't foresee that there would be

19   any comity-related issues related to the amendments, if any,

20   that would flow from our review of those materials.  But to the

21   extent that there are, certainly the Defendants at any time can

22   raise abstention issues consistent with the Court's prior

23   order.

24         THE COURT:  Mr. Doherty?

25         MR. DOHERTY:  And that last point let me pick up

1   there because I think that cuts right to the chase of where we

2   are on current scheduling.  The Eleventh Circuit has ruled that

3   Ms. Glock should be allowed to use the 1782 materials in this

4   case.  Plaintiff has said before and I think has confirmed

5   again today that they are going to look at those materials and

6   possibly amend again.  And while we do, the Defendants, believe

7   that there is ample grounds to continue the stay based on

8   abstention based on the pleading that's before the Court, we

9   think that there's very likely to be additional overlap once we

10   get to that next amendment.  These after all are documents that

11   Ms. Glock obtained from Judge Pannell to use in the Austrian

12   proceedings.  If we add to the U.S. litigation with documents

13   obtained for use in Austria, we think it's substantially likely

14   that we will have even more overlap.

15         I mean, what has been going on in Austria as may not

16   surprise the Court is a full-court press.  These are both

17   wealthy people with lots of resources and lots of lawyers.

18   They are litigating just about everything you can imagine in

19   Austria.  If we are going to -- we think we should if there's

20   any question about whether the stay should continue, we would

21   like to brief that and get the record before the Court.  We

22   think it makes sense to do that once on the complaint at the

23   end post the 1782 amendment rather than do it all now, get --

24   you know, get in line with the Court's other matters, get a

25   decision and then only have to do it again once the second

1    amended complaint comes in.

2              THE COURT:  Well, Mr. Smith, what's your time frame

3    here?

4              MR. SMITH:  Well, what we didn't want to do, Your

5    Honor, was that -- I mean, it's our view that the second

6    amended complaint addressed the concerns that the Court raised

7    in its order; and we certainly tried to do that.  And to the

8    extent that Mr. Doherty wants to raise those issues, the

9    Court's proposal of incorporating the prior motion, adding

10   anything new and letting us file a response and a reply, that

11   seemed to make the most sense because what we don't want to do

12   is review half a million pages of documents in a case that the

13   Court deems to still be stayed and not capable of moving

14   forward because I don't anticipate that anything is going to be

15   taken from the complaint we filed.

16             So it would be our preference that the Court -- that

17   the proposal that the Court had makes sense to us as far as if

18   they believe that it's still appropriate to file it based on

19   the paper that's there to go ahead and do it with a response

20   and a reply.  Our time frame would be that what we would ask

21   for is the opportunity to review those materials over the next,

22   you know, 90 days I think is what we originally had proposed.

23   And it's our hope that we will get through it faster than that.

24             They have already been indexed and put in databases

25   with respect to the lawyers that were handling the 1782 action,

1   so it's not as if we have just gotten access to a pile of

2   documents in a warehouse.  So it's our hope that we can get

3   through them in an efficient way and make an evaluation if we

4   want to amend.  But we certainly don't want to do that if the

5   Court's position is that the matter is stayed based on

6   international abstention on the current paper.

7              THE COURT:  Well, I think that makes some sense,

8   Mr. Smith.

9              And, Mr. Doherty, as you yourself said, neither of

10  the parties are under-lawyered.  And so although your argument

11  for only doing it once has some appeal in 90 percent of the

12  cases, it doesn't in this one.

13             So, 14 days suit you?

14             MR. DOHERTY:  I would ask for a little longer not

15  because these -- we have to go back and rebrief the legal

16  issues or anything like that, Your Honor; but there have been

17  additional filings in Austria.  The real hold-up is getting

18  those papers, certified translations, and getting our Austrian

19  lawyer to get his affidavit together to prepare the record.  So

20  I'd ask if it's not too long for 30 days so we can get that

21  translation process completed and get a good record in front of

22  the Court.

23             THE COURT:  28 days.

24             MR. DOHERTY:  28 days.

25             THE COURT:  How much time do you want to respond,

1    Mr. Smith?

2              MR. SMITH:  Regrettably, I would have to ask for 28

3    days if they are going to introduce new evidence from Austria.

4              THE COURT:  Fine.  Fine.

5              And then 14 days after Mr. Smith files his response

6    for your final reply, Mr. Doherty.

7              MR. DOHERTY:  Thank you, Your Honor.

8              THE COURT:  And, Mr. Doherty, if you will -- well,

9    Mr. Smith, if you will prepare a written order incorporating

10   those time frames and procedures, get Mr. Doherty's approval as

11   to form and submit it to me, I'll be glad to sign it.

12             Well, Mr. Parker, I didn't give you a chance to say

13   anything.  Do you want to be heard on any of this?

14             MR. PARKER:  I'm good, Your Honor.

15             THE COURT:  Fine.

16             MR. PARKER:  I was here for moral support for whoever

17   needed it.

18             THE COURT:  Probably me.

19             All right.  Anything else?

20             MR. DOHERTY:  That's it.

21             MR. SMITH:  Just one question, Your Honor.  The

22   nature of the motion that you would envision to be filed, what

23   would that be?

24             THE COURT:  For this one?

25             MR. SMITH:  Yes, Your Honor.

 1              THE COURT:  It would just be a renewal of the prior

 2   motion --

 3              MR. SMITH:  I understand.

 4              THE COURT:  -- with some additional briefing.

 5              Well, it's not really a renewal because I granted it.

 6              MR. DOHERTY:  Motion to continue the stay?

 7              THE COURT:  Continue the stay.  There you go.

 8              MR. PARKER:  Probably just saved us two days right

 9   there.

10              THE COURT:  Probably.

11              MR. SMITH:  I was envisioning that.

12              THE COURT:  Okay.  Thank you very much.

13              (Proceedings adjourned at 3:10 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

10

1                          C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT:

4    NORTHERN DISTRICT OF GEORGIA:

5

6            I hereby certify that the foregoing pages, 1 through

7    9, are a true and correct copy of the proceedings in the case

8    aforesaid.

9            This the 29th day of September, 2015.

10

11

12

13    _____

14                         Susan C. Baker, RMR, CRR
                           Official Court Reporter
15                         United States District Court

16

17

18

19

20

21

22

23

24

25